IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| LAWRENCE MILJKOVIC,          )<br>                              )<br>          Plaintiff,         )<br>                              )<br>     vs.                      )<br>                              )<br>GORDON R. ENGLAND, SECRETARY  )<br>OF THE NAVY, ET AL.,          )<br>                              )<br>          Defendant.          )<br>_____) | CIVIL NO. 05-00164 JMS-LEK |

**FINDINGS AND RECOMMENDATION TO DISMISS**
**WITHOUT PREJUDICE PLAINTIFF'S COMPLAINT**

The Court, on its own initiative, and after careful consideration of the record and the relevant legal authority, HEREBY FINDS AND RECOMMENDS that Plaintiff's Complaint be DISMISSED WITHOUT PREJUDICE for the reasons set forth below.

**BACKGROUND**

On March 9, 2005, Plaintiff Lawrence G. Miljkovic ("Plaintiff") filed an Employment Discrimination Complaint against Defendant Gordon R. England, Secretary of the Navy ("Defendant England"), and Defendant Department of the Navy ("Defendant Navy") (collectively "Defendants").  On August 10, 2006, this Court ordered Plaintiff to show good cause why his Complaint should not be dismissed for failure to serve Defendants.  Plaintiff responded on August 15, 2006.  On September 9, 2006, the Court held a status conference, at which it extended the time for service of the Complaint to April 9,

2007.  The Court cautioned Plaintiff that if he did not serve the Complaint by the deadline, it would recommend that Judge J. Michael Seabright enter an Order for Dismissal Without Prejudice.

On April 5, 2007, Plaintiff filed his purported proof of service, which included copies of his receipts for the certified mailing of the Complaint to United States Attorney General A.R. Gonzales, Donald C. Winter, the current Secretary of the Navy, and the Department of the Attorney General for the State of Hawai'i.  The Court deemed Plaintiff's filing insufficient to meet the requirements of Federal Rule of Civil Procedure 4(I) for effecting service on the United States, its agencies, corporations, officers, or employees.  As such, it again extended the deadline for service of the Complaint to June 8, 2007.  The Court additionally reiterated to Plaintiff that failure to effect proper service by June 8, 2007 would result in a recommendation to the district court to dismiss the Complaint without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2).  On April 17, 2007, Plaintiff filed an exhibit of service containing copies of return receipts for his certified mailings.

## **DISCUSSION**

The record indicates that as of date, Plaintiff has not effectively complied with the requirements set forth in Federal Rule of Civil Procedure 4(I) for effecting service upon the

United States, its agencies, corporations, officers, or employees.  Rule 4(I) provides:

>	(1) Service upon the United States shall be effected
>		(A) by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney in a writing filed with the clerk of the court or by sending a copy of the summons and of the complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney and
>		(B) by also sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia, and
>		©) in any action attacking the validity of an order of an officer or agency of the United States not made a party, by also sending a copy of the summons and of the complaint by registered or certified mail to the officer or agency.
>
>	(2)	(A) Service on an agency or corporation of the United States, or an officer or employee of the United States sued only in an official capacity, is effected by serving the United States in the manner prescribed by Rule 4(i)(1) and by also sending a copy of the summons and complaint by registered or certified mail to the officer, employee, agency, or corporation.

Fed. R. Civ. P. 4(i)(1)-(2).

	Although Plaintiff properly effected service upon the United States Attorney General and Donald C. Winter by certified mail, he failed to serve a copy of the summons and Complaint on the United States Attorney for the District of

3

Hawai'i by June 8, 2007, as required by Rule 4(i)(1)(A) and as ordered by the Court.

The Court therefore recommends that the district court dismiss the Complaint without prejudice. See Fed. R. Civ. P. 4(m). Rule 4(m) provides, in relevant part:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. . . .

Id.; see also Fed. R. Civ. P. 41(a)(2) (allowing dismissal by order of the court). This Court notes that, although pro se litigants are held to less stringent standards than those of their legal counterparts, see Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); Jackson v. Carey, 353 F.3d 750, 757 (9th Cir. 2003), a litigant's pro se status cannot excuse him from complying with the procedural or substantive rules of the court. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."); see also United States v. Bell, 27 F. Supp. 2d 1191, 1197 (E.D. Cal. 1998). Indeed, over two years have lapsed since Plaintiff filed his Complaint, well beyond the 120 day time limit for service as prescribed by Rule 4. Moreover, the Court has twice extended the time for Plaintiff to effect

4

service on Defendants and twice warned Plaintiff that a failure to serve Defendants by the Court imposed deadlines would result in a recommendation to the district court to dismiss the Complaint without prejudice.

### CONCLUSION

For the foregoing reasons, the Court FINDS and RECOMMENDS that Plaintiff's Complaint be DISMISSED WITHOUT PREJUDICE.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAI`I, June 14, 2007.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**LAWRENCE G. MILJKOVIC V. GORDON R. ENGLAND, ETC.; CIVIL NO. 05-00164 JMS-LEK; FINDINGS AND RECOMMENDATION TO DISMISS WITHOUT PREJUDICE PLAINTIFF'S COMPLAINT**