IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| LAWRENCE MILJKOVIC, | ) | CIV. NO. 05-00164 JMS/LEK |
| | ) | |
| Plaintiff, | ) | ORDER DENYING |
| | ) | PLAINTIFF'S MOTION FOR |
| vs. | ) | RELIEF FROM ORDER |
| | ) | DISMISSING PLAINTIFF'S |
| DONALD C. WINTER, | ) | COMPLAINT WITHOUT |
| SECRETARY OF THE NAVY, | ) | PREJUDICE FILED ON JULY |
| et al., | ) | 11, 2007 |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM ORDER DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE FILED ON JULY 11, 2007

Before the court is pro se Plaintiff Lawrence Miljkovic's Motion for Relief From Order Dismissing Plaintiff's Complaint Without Prejudice Filed on July 11, 2007. Pursuant to Local Rule 7.2(d), this motion can be decided without oral argument. After careful consideration of the motion and Plaintiff's declaration, the motion is DENIED.

## I. **BACKGROUND**

Plaintiff filed this employment discrimination complaint on March 9, 2005 against Secretary of the Navy Donald C. Winter[1] and the Department of the Navy (collectively, "Defendants").  On August 10, 2006, Magistrate Judge Leslie E. Kobayashi ordered Plaintiff to show cause why his complaint should not be dismissed based on his failure to serve the complaint on the Defendants.  In the Order to Show Cause, Magistrate Judge Kobayashi referenced Fed. R. Civ. P 4(i)[2]

---

[1] Donald C. Winter is substituted for his predecessor, Gordon R. England, as Secretary of the Navy, pursuant to Fed. R. Civ. P. 25(d).

[2] Fed. R. Civ. P. 4(i) provides that service upon the United States shall be effected

> (A) by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney in a writing filed with the clerk of the court or by sending a copy of the summons and of the complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney and
>
> (B) by also sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia, and
>
> (C) in any action attacking the validity of an order of an officer or agency of the United States not made a party, by also sending a copy of the summons and of the complaint by registered or certified mail to the officer or agency.

and 4(m),[3] and stated that if Plaintiff failed to respond or show good cause, she would recommend dismissal of the action to this court.  Plaintiff did respond, explaining his personal hardships.  On September 9, 2006, Magistrate Judge Kobayashi extended the time for service of the complaint until April 9, 2007.  Again, Plaintiff was cautioned that failure to serve the complaint by April 9, 2007 would result in a recommendation to this court that his case be dismissed.

On April 5, 2007, Plaintiff filed a proof of service, consisting of copies of receipts reflecting certified mailing of his complaint to United States Attorney General A.R. Gonzalez,  Secretary of the Navy Donald C. Winter, and the State of Hawaii Department of Attorney General.

On April 10, 2007, Magistrate Judge Kobayashi entered an order, stating that "Plaintiff's filing is not sufficient to meet the requirements of Federal Rule of Civil Procedure 4(i) for effecting service on the United States, its agencies, corporations, officers, or employees."  The court extended the time for

---

[3] Fed. R. Civ. P. 4(m) provides in pertinent part that

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

service until June 8, 2007.  *See* Docket No. 22.  Plaintiff again was notified that failure to effect proper service by that date would result in a recommendation to this court that the complaint be dismissed.  On April 17, 2007, Plaintiff again filed what appears to be a proof of service, referencing service of the complaint by mail to United States Attorney General A.R. Gonzalez, Secretary of the Navy Donald C. Winter, and the State of Hawaii Department of Attorney General.

On June 18, 2007, Magistrate Judge Kobayashi entered her Findings and Recommendation to Dismiss Without Prejudice Plaintiff's Complaint ("F&R").  In her F&R, Magistrate Judge Kobayashi found that Plaintiff failed to serve a copy of the summons and complaint on the United States Attorney for the District of Hawaii by June 8, 2007 as required by Fed. R. Civ. P. 4(i).  Magistrate Judge Kobayashi recommended dismissal of the complaint.  Plaintiff filed no objections to Magistrate Judge Kobayashi's F&R.  On July 11, 2007, this court entered an Order Adopting Magistrate's Findings and Recommendations.

On July 30, 2007, Plaintiff filed a Motion for Relief from Order Dismissing Plaintiff's Complaint Without Prejudice Filed on July 11, 2007.  This court construes Plaintiff's motion as a motion for reconsideration of this court's July 11, 2007 Order.  In an accompanying declaration, Plaintiff claims that he served the State of Hawaii Department of Attorney General as a result of

4

confusion, and he was unaware that he was required to serve the United States Attorney for the District of Hawaii.

## II. ANALYSIS

Plaintiff is proceeding pro se. "[C]ourts must apply considerable leeway when assessing whether a pro se civil rights litigants' failure to comply strictly with time limits such as those established by Rule 4[m] should be excused for 'good cause', *especially* when that litigant is incarcerated." *McGuckin v. Smith*, 974 F.2d 1050, 1058 (9th Cir. 1992), *overruled on other grounds, WMX Tech., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (emphasis in original).[4] This leeway, however, is certainly not limitless, *see Walker v. Sumner*, 14 F.3d 1415, 1421-22 (9th Cir. 1994), and "[p]ro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987); *see also United States v. Merrill*, 746 F.2d 458, 465 (9th Cir. 1984).

A "motion for reconsideration must accomplish two goals. First, a motion for reconsideration must demonstrate reasons why the court should reconsider its prior decision. Second, a motion for reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior

---

[4] Plaintiff has not been incarcerated.

decision." *Donaldson v. Liberty Mut. Ins. Co.*, 947 F. Supp. 429, 430 (D. Haw. 1996); *Na Mamo O 'Aha 'Ino v. Galiher*, 60 F. Supp. 2d 1058, 1059 (D. Haw. 1999).

    Three grounds justify the reconsideration of a prior order: (1) an intervening change in controlling law; (2) the discovery of new evidence not previously available; and (3) the need to correct clear or manifest error in law or fact in order to prevent manifest injustice. *Mustafa v. Clark County School District*, 157 F.3d 1169, 1178-79 (9th Cir. 1998); *Great Hawaiian Financial Corp. v. Aiu*, 116 F.R.D. 612, 616 (D. Haw. 1987), *rev'd on other grounds*, 863 F.2d 617 (9th Cir. 1988); *see also* L.R. 60.1 (providing that reconsideration is only permitted where there is "(a) Discovery of new material facts not previously available; (b) Intervening change in law; [or] (c) Manifest error of law or fact.").

    Plaintiff has not alleged any intervening change in controlling law, the discovery of new evidence, or the need to correct clear or manifest error in law or fact. Instead, he simply points out that he was negligent in his failure to serve the United States Attorney for the District of Hawaii. Because Plaintiff has failed to meet his burden on a motion for reconsideration, his motion is DENIED.

Even reviewing Plaintiff's motion as a timely filed objection to Magistrate Judge Kobayashi's F&R,[5] the court would adopt the F&R.[6] Plaintiff was given multiple opportunities to perfect service beyond the 120-day limit established by Fed. R. Civ. P. 4(m).  Plaintiff filed his complaint on March 9, 2005, yet took virtually no action on the case until Magistrate Judge Kobayashi issued her August 10, 2006 Order to Show Cause.  On September 9, 2006, Magistrate Judge Kobayashi extended the time for service of the complaint until April 9, 2007.  Plaintiff again failed to perfect service (by failing to serve the United States Attorney for the District of Hawaii), and was given yet one more extension, until June 8, 2007 (821 days after the filing of his complaint).  Again, Plaintiff failed to serve his complaint on the United States Attorney for the District of Hawaii.

---

[5] Pursuant to 28 U.S.C. § 636(b)(1), "[w]ithin ten days after being served with a copy, any party may file written objections to such proposed findings and recommendations as provided by rules of court."  Even after considering additional days added by Fed. R. Civ. P. 6, Plaintiff's motion was not timely filed as an objection to the F&R.

[6] When a party objects to a magistrate judge's findings or recommendations, the district court reviews de novo those portions to which the objections are made.  Fed. R. Civ. P. 72(b); *United States v. Raddatz*,  447 U.S. 667, 673 (1980).  De novo review means the court must consider the matter anew, as if it had not been heard before and as if no decision previously had been rendered.  *United States v. Silverman*, 861 F.2d 571, 576 (9th Cir. 1988).  The district court need not hold a de novo hearing; however, it is the court's obligation to arrive at its own independent conclusion about those portions of the magistrate judge's findings or recommendation to which a party objects.  *United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989).

Plaintiff was given leeway, more than once, based on his pro se status.  Plaintiff cannot show good cause for his failure to serve the complaint, particularly given the extensions of time previously afforded to him.  He was clearly informed that he must comply with Fed. R. Civ. P. 4(i), yet continually failed to do so.  His continued confusion and negligence do not constitute good cause.

### III.  CONCLUSION

For the reasons states herein, Plaintiff's Motion for Relief from Order Dismissing Plaintiff's Complaint Without Prejudice Filed on July 11, 2007 is DENIED.  Plaintiff is informed that his complaint has been dismissed without prejudice; as such, he may refile the complaint.  The court is not implying that the complaint is meritorious or falls within the statute of limitations, but merely points out that Plaintiff may refile if he so elects.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, August 16, 2007.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Miljkovic v. Winter et al.,* Civ. No. 05-00164 JMS/LEK, Order Denying Plaintiff's Motion for Relief From Order Dismissing Plaintiff's Complaint Without Prejudice Filed on July 11, 2007